UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM MOSES DELLEA,

      Plaintiff,

v.                                                    Case No.:  2:26-cv-841-SPC-DNF

WILLIAM G. PRUMMELL, JR. *et al.*,

      Defendants.

_____/

## OPINION AND ORDER

Before the Court is Plaintiff Adam Moses Dellea's Complaint (Doc. 1). Dellea states he is a civilly committed detainee in the County Jail, and he sues three jail officials under 42 U.S.C. § 1983.  The Court granted Dellea leave to proceed *in forma pauperis*, so the Court must review the complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party

is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Dellea alleges he requested a form petition for a writ of habeas corpus from jail officials, and defendant Davies told him to use the law library on his facility-provided tablet. Dellea complains the tablet does not contain editable forms, so the defendants deprived him of a legal form he needed. He seeks $10,000 in damages from each defendant and injunctive relief.

State officials may not obstruct a detainee's access to the courts. *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986). To state an access-to-the-

courts claim, a detainee must show actual injury—*i.e.*, that the defendant's conduct "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). As the Supreme Court explained in *Lewis*, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." 518 U.S. at 351. A plaintiff "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* And "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id.* at 354. A plaintiff must show that officials "hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (internal quotation marks and citation omitted).

Dellea fails to state an access-to-court claim because he does not identify a nonfrivolous claim or defense hindered by jail officials. His vague allegation that he did not receive a form he needed is not enough, particularly since Dellea can obtain forms from the clerk of this Court. *See* M.D. Fla. 6.04(a) ("A pro se person in custody must use the standard form – *available without charge from the clerk and on the court's website* – to file" complaints and habeas petitions).

The Court will dismiss Dellea's complaint for failure to state a claim. And because Dellea cannot establish harm stemming from the jail's failure to

3

provide a form Dellea can get for free elsewhere, he cannot save this action with an amendment. The Court thus finds amendment futile and will close this case.

Accordingly, it is

**ORDERED:**

Adam Moses Dellea's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Dellea a § 2241 habeas form, terminate pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on April 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

4